UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RAY L. ALEXANDER, No. 53321-069,

    Petitioner,

  v.

STACI M. YANDLE, U.S. MARSHALS
SERVICE, and JEFF BOULARD,

    Respondents.

Case No. 21-cv-903-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Ray L. Alexander's petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 (Doc. 1). This matter is now before the Court for preliminary review pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by a district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of the Federal Rules Governing Section 2254 Cases gives this Court the authority to apply the rules to other *habeas corpus* cases as well.

**I.**    **Background**

In April 2019, Alexander pled guilty in the United States District Court for the District of Puerto Rico to one count of making a false statement to a federal agency (D.P.R. Case No. 3:19-cr-38-FAB). A week later, the Court sentenced him to serve three months in prison (which appears to have been "time served" or very close to it) followed by three years of supervised release. In late 2019, jurisdiction over Alexander's supervision was transferred to the Southern District of Illinois and landed before Honorable Staci M. Yandle, United States District Court

Judge for the Southern District of Illinois, as Case No. 19-cr-30164-SMY.  A little more than a year later, the Government sought to revoke Alexander's supervised release.  Judge Yandle ordered him detained pending resolution of the petition.  Alexander filed this § 2241 petition in the midst of those revocation proceedings.

In the petition, he complains about his detention for those proceedings.  At that time, he was in the custody of the United States Marshal and was being housed at the Jefferson County Justice Center ("JCJC").  On August 3, 2021, Judge Yandle revoked Alexander's supervised release and sentenced him to serve ten and a half months in prison followed by ten months of supervised release.  Alexander appealed that sentence to the United States Court of Appeals for the Seventh Circuit in Appeal No. 21-2456, which remains pending.  In his § 2241 petition, Alexander seeks relief from Judge Yandle,[1] the United States Marshals Service ("USMS"), and Jefferson County Sheriff Jeff Bullard (incorrectly named as "Boulard") based on their respective roles in his detention.

## II. Analysis

### A. Judge Yandle

Judge Yandle must be dismissed because she has judicial immunity.  The doctrine of

---

[1] Judge Yandle is a judicial colleague in the Southern District of Illinois.  To decide whether it is proper for a fellow judge in the same district to decide this case, the Court has consulted the Code of Conduct for United States Judges and has determined that recusal is not necessary.  *See* 2B Guide to Judiciary Policy, Ch.2, Advisory Opinion No. 103, available at http://www.uscourts.gov/sites/default/files/vol02b-ch02.pdf ("In typical harassing litigation, a claim against a judge is barred by the doctrine of judicial immunity, and the complaint is subject to prompt dismissal on judicial immunity or other grounds.  Review of a complaint against a judicial colleague where the litigation is patently frivolous or judicial immunity is plainly applicable will not ordinarily give rise to a reasonable basis to question the assigned judge's impartiality, and disqualification would rarely be appropriate.  Thus, the mere naming of a judicial colleague as a defendant does not require automatic recusal of every judge in the district or on the court under Canon 3C(1)."  *See, e.g., Kayin El v. United States*, No. 17-CV-1398-SMY, 2018 WL 659194, at *3 n.2 (S.D. Ill. Feb. 1, 2018).

judicial immunity shields judges from suit for their judicial actions unless they have acted in the complete absence of jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (*per curiam*); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (§ 1983 suit against state judge). It is important that "a judicial officer, in exercising the authority vested in [her], shall be free to act upon [her] own convictions without apprehension of personal consequences to [herself]." *Mireles*, 502 U.S. at 10. A judge is entitled to immunity even if she acted erroneously, maliciously or in excess of her authority. *Stump*, 435 U.S. at 356-57.

In late 2019, Judge Yandle assumed jurisdiction over Alexander during his term of supervised release (No. 19-cr-30164-SMY, Doc. 1). In that capacity, she directed that a warrant issue for Alexander's arrest based on alleged violations of the conditions of his supervised release (No. 19-cr-30164-SMY, Docs. 3-4); remanded him to the custody of the USMS following her decision to revoke his supervised release (No. 19-cr-30164-SMY, Doc. 28); and entered the judgment for revocation of supervised release committing him to the custody of the United States Bureau of Prisons ("BOP") to serve his sentence of imprisonment (No. 19-cr-30164-SMY, Doc. 42). All of these actions are judicial actions Judge Yandle took within her jurisdiction as the judicial officer with authority over Alexander's supervised release. Thus, she is entitled to judicial immunity.

Additionally, Judge Yandle is not a proper respondent in a § 2241 petition because she is not, and never has been, Alexander's custodian. Generally, the proper respondent in a § 2241 petition seeking release from present physical custody is the official in control of the institution in which the petitioner is housed at the moment, the one who maintains "day to day" control over the petitioner. *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004); *Kholyavskiy v. Achim*, 443 F.3d 946, 949 (7th Cir. 2006); *al-Marri v. Rumsfeld*, 360 F.3d 707, 708 (7th Cir. 2004) (citing *Braden*

*v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 495 (1973)).  While Judge Yandle generally had authority over Alexander's supervised release, at no time did she maintain day to day control over him during his detention.  Nor does she maintain any day to day control over him now since she has committed him to the custody of the BOP.  Therefore, even if she were not immune from suit, she would not be a proper respondent.

      B.      USMS and Bullard

To the extent Bullard or someone at the USMS may be an appropriate respondent, Alexander's petition must be dismissed for different reasons.  If Alexander is challenging his detention prior to Judge Yandle's adjudication of the petition to revoke supervised release, that issue is moot since he is no longer in custody under that authority.

If he is challenging his detention pursuant to Judge Yandle's revocation judgment (he is still temporarily confined at the JCJC), § 2241 is not available to him as a remedy.  Generally, an inmate must bring a challenge to his sentence in a motion under 28 U.S.C. § 2255 in the district of his conviction.  *Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019).  However, there is an exception to this rule under the "savings clause" of § 2255(e), which allows an inmate to attack his sentence in a § 2241 petition in the district of his incarceration where a § 2255 motion "is inadequate or ineffective to test the legality of his detention."  A § 2255 motion is "inadequate or ineffective" to raise a challenge if the petitioner did not have "a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence."  *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998).  This occurs where "(1) the claim relies on a statutory interpretation case, not a constitutional case, and thus could not have been invoked by a successive § 2255 motion; (2) the petitioner could not have invoked the decision in his first § 2255 motion and the decision applies retroactively; and (3) the error is grave enough to be

4

deemed a miscarriage of justice." *Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019).

Here, Alexander has "a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence." *Davenport*, 147 F.3d at 609. In fact, he has a pending appeal before the Court of Appeals where that very question will be decided. After that, if he believes there was "an error of constitutional or jurisdictional magnitude" or "a fundamental defect has occurred which results in a complete miscarriage of justice" that could not have been raised on direct appeal, he may file a § 2255 motion. *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014); *Blake v. United States,* 723 F.3d 870, 878-79 (7th Cir. 2013). Until he does all of these things and makes the showing set forth in *Davenport* and *Beason*, he cannot seek relief by a § 2241 petition.

### III. Conclusion

Because it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," Fed. R. Governing § 2254 Cases, Rule 4, the Court **DISMISSES** Alexander's petition (Doc. 1) **with prejudice** and **DIRECTS** the Clerk of Court to enter judgment accordingly and to so notify the petitioner.

**IT IS SO ORDERED.**
**DATED:  August 27, 2021**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
